UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| **M.B.** and **S.E.** through their next friend Katharyn McIntyre, **R.M.** through his next friend Allan Hazlett, **C.A.** through his next friend Allan Hazlett, **E.B.** through his next friend Allan Hazlett, **J.P.** through her next friend Allan Hazlett, **Z.Z.** through her next friend Ashley Thorne, and **M.A.** through his next friend Ashley Thorne, for themselves and those similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **Laura Howard** in her official capacity as Kansas Department for Children and Families Secretary, **Dr. Lee A. Norman** in his official capacity as Kansas Department of Health and Environment Secretary, and **Laura Howard** in her official capacity as Kansas Department for Aging and Disability Services Secretary, <br><br> **Defendants.** | Case No. 18-2617-DDC-GEB |

## ORDER CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, SETTING HEARING, AND APPROVING FORM AND MANNER OF CLASS NOTICE

This matter comes before the court on plaintiffs' Unopposed Motion for Certification of Settlement Class, Preliminary Approval of Class Action Settlement, and Approval of Form and Manner of Class Notice and Memorandum of Law in Support (the "Unopposed Motion") (Doc. 139). Plaintiffs request the court: (a) grant conditional certification of the Class for settlement purposes; (b) appoint Class Counsel; (c) grant preliminary approval of the parties' Settlement Agreement; (d) authorize and approve the form and manner of a Notice of Proposed Class

Action Settlement to be sent to Class members and their representatives; (e) set the deadline for written submissions by persons who are Class members, or legal representatives of Class members, who wish to be heard in favor of or in objection to the Settlement Agreement; (f) set deadlines for briefing on plaintiffs' Request for Attorneys' Fees and Costs; and (g) set the date for a fairness hearing in accordance with Federal Rule of Civil Procedure 23(e).

The court has reviewed the Unopposed Motion, the Settlement Agreement (Doc. 139-1), the Notice of Proposed Class Action Settlement (Doc. 139-2), the Proposed Order, and all other exhibits attached to plaintiffs' motion.  Having done so, the court GRANTS the Unopposed Motion and ORDERS as follows:

1. The parties have executed the Settlement Agreement in order to settle and resolve this action on a class-wide basis, subject to the final approval of the court.

2. The terms of the Settlement Agreement are approved preliminarily under Fed. R. Civ. P. 23(e)(2) finding that it is "fair, reasonable, and adequate."  The Tenth Circuit has specified four factors that a district court must consider when assessing whether a proposed settlement is "fair, reasonable, and adequate":

> (1) whether the proposed settlement was fairly and honestly negotiated;
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).  Because preliminary approval is just the first step of the approval process, courts apply a "less stringent" standard than that at final approval.  *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at *5 (D. Kan. Dec. 6, 2012).  "[D]istrict courts have developed a jurisprudence whereby they undertake some review of the settlement at preliminary approval,

2

but perhaps just enough to ensure that sending notice to the class is not a complete waste of time." 4 Williams & Rubenstein, *Newberg on Class Actions* § 13:10 (Stu ed. 2013). "The general rule [is] that a court [will] grant preliminary approval where the proposed settlement [is] neither illegal nor collusive and is within the range of possible approval." *Id.* (citation and internal quotation marks omitted). "While the [c]ourt will consider [the Tenth Circuit's] factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well." *In re Motor Fuel Temperature Sales Practices Litig.*, 286 F.R.D. 488, 502–03 (D. Kan. 2012).

After analyzing the Tenth Circuit's factors under the relaxed standard that applies at the preliminary approval stage, the court finds that all four factors favor approving the settlement proposed here. *See Rutter & Wilbanks Corp.*, 314 F.3d at 1188. The court preliminarily approves the Settlement Agreement as fair, reasonable, and adequate for the Class as defined in the Settlement Agreement and set forth below, subject to further consideration at the Final Approval Hearing.

3. Accordingly, for the purpose of a settlement in accordance with the Settlement Agreement and upon review of the Unopposed Motion, this court hereby certifies the following Class for settlement purposes:

> All children who are now, or in the future will be, in the protective custody of the Department for Children and Families pursuant to Kan. Stat. Ann. § 38-2242(c)(1).

4. Under the Settlement Agreement and for the purposes of settlement only, the court finds preliminarily that:

    a. The Class is so numerous that joinder of all members is impracticable;

3

        b.        There are questions of law and fact common to the Class;

        c.        The claims of the Named Plaintiffs are typical of those of members of the Class;

        d.        The Named Plaintiffs and Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the members of the Class; and

        e.        Final injunctive relief is appropriate respecting the Class as a whole.

5.        For purposes of this preliminary approval, and for all matters relating to the Settlement Agreement, until further order of the court, the court appoints the captioned Named Plaintiffs as Representatives of the Class, and appoints Teresa A. Woody and Larry Rute and Kansas Appleseed Center for Law and Justice, Inc.; Loretta Burns-Bucklew of the Law Office of Loretta Burns-Bucklew; Leecia Welch, Poonam Juneja, and Freya Pitts, and the National Center for Youth Law; Ira Lustbader and Marissa C. Nardi, and Children's Rights, Inc.; and Caryn Schechtman, Jeffrey Rotenberg, and Joshua Kane, and DLA Piper LLP as Class Counsel.

6.        By this Order, the court hereby exercises subject matter and personal jurisdiction over the claims and the parties for the purposes of evaluating the final certification of the Class and the fairness and adequacy of the Settlement Agreement.

7.        The Notice of Proposed Class Action Settlement (the "Notice") is approved.

8.        The following Notice Plan is approved:  On or before **October 9, 2020**, Defendants shall, at their sole expense, take the following steps to notify Class members and their legal representatives of the proposed Settlement Agreement:

        a.        Defendants shall prominently post a copy of this order and the Notice on the Department for Children and Families ("DCF") website, the Kansas Department of Health and Environment ("KDHE") website, and the Kansas Department for Aging and Disability

Services ("KDADS") website, and shall maintain said postings until **January 22, 2021**.

        b.      Defendants shall transmit a copy of the Notice, and may transmit one or more accompanying letters signed by authorized representatives of DCF, KDHE, or KDADS and approved for content by Class Counsel (where appropriate, Defendants shall request in any letter that recipients share information with Class members in their care, leaving it to recipients to determine what communications are warranted in light of a child's age, a child's development, or other circumstances) to the persons and locations listed below.

        i.      Defendants will email a copy of the Notice, along with a link to the Settlement Agreement, to all KDHE staff in the Office of the Secretary and in the Division of Health Care Finance, and to all KDADS staff in the Aging and Disability Community Services and Programs and Behavioral Health Services Commissions.

        ii.      Defendants will post the Notice in a conspicuous place in the DCF, KDHE, and KDADS main offices, the DCF regional offices, and each DCF county office.

        iii.      Defendants will send via email (or U.S. Mail if only a mailing address is available) the Notice and any accompanying letter to the Kansas Office of Judicial Administration and request that it send the Notice and the accompanying letter to all attorneys approved to serve as Guardians ad Litem for children in DCF custody.

        iv.      Defendants will send via email (or U.S. Mail, if only a mailing address is available) the Notice and any accompanying letter to

5

        each grantee or contractor providing Foster Care Case Management services to Class members.  Defendants will direct their grantees and contractors to provide a copy of the Notice and any accompanying letter to all of their case management staff and to post a copy of the Notice in their offices in a conspicuous place.

v.    Defendants will direct their grantees to send via email (or U.S. Mail, if only a mailing address is available) the Notice and any accompanying letter to the last known email (or mailing) address for the parent(s) of each Class member for whom parental rights have not been terminated, and to the last known email (or mailing) address of any relative placement of any Class member. For purposes of this order, the last known e-mail address or mailing address refers to the address in the records of DCF's grantees.

vi.    Defendants will send via email (or U.S. Mail, if only a mailing address is available) the Notice and any accompanying letter to the current email (or mailing) address of record of all placement providers (including, at a minimum, foster care and pre-adoptive caregivers) for children in DCF custody.  This includes family homes or group facilities of any kind.

vii.    Defendants will send via email (or U.S. Mail, if only a mailing address is available) the Notice and any accompanying letter to

       the current email (or mailing) address of record of all children in an independent or transitional living arrangement or currently enrolled in the Independent Living program.

  c. For the following, Defendants will send via email (or U.S. Mail, if only a mailing address is available) the Notice, ask that the Notice be disseminated to their staff or members and posted in locations most likely to be seen by Class Members and/or their legal representatives, and ask that the information remain posted until **January 22, 2021**:

    i. The Presiding Judge of each Kansas District Court, or if the Judicial District has a Family or Juvenile Court, the Presiding Judge of the Juvenile or Family Court;

    ii. The office of the Chief Juvenile Officer for each Kansas Judicial District;

    iii. Each congregate care placement, group home, residential counseling center, residential treatment center, and child placing agency utilized by Defendants;

    iv. The Guardian Ad Litem Support Center of Kansas Legal Services;

    v. Each office of Kansas Court Appointed Special Advocates (CASA), to the extent formal offices exist in each Judicial District;

    vi. The Kansas CASA Association;

    vii. The following organizations that serve foster parents and families or families of children with disabilities or special health care needs

       within Kansas:  FosterAdopt Connect, Kansas Foster & Adoptive Parent Association, Children's Alliance, Christian Family Services of the Midwest, Kansas Family Advisory Network, Kansas African American Foster Care/Adoption Coalition, and Families Together, Inc.;

    viii. The Kansas Bar Association; and

    ix. The Children's Subcommittee of the Governor's Behavioral Health Services Planning Council.

  d. Defendants will file with the court, on or before **November 6, 2020**, an affidavit certifying compliance with the notice requirements of this order.

  9. The Notice Plan's methodologies (a) protect the interests of the Named Plaintiffs, the Class, and Defendants; (b) are the best notices practicable under the circumstances; and (c) are reasonably calculated to apprise the Class of the proposed Settlement Agreement.  In addition, the court finds that the notice methodologies are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meet all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

  10. The parties may make non-material changes to the Notice Plan, so long as Class Counsel and Defendants' counsel agree and one of the parties notifies the court of the change before the Final Approval Hearing.  Neither inserting dates nor, correcting typographical or grammatical errors shall constitute a change to the Notice Plan.

  11. Nothing in this Order requires Defendants to respond or provide legal advice to any member of the Class, any guardian ad litem or advocate, or any other person or entity in

connection with the Settlement Agreement.  Defendants may refer any outside inquiries or questions about the Settlement Agreement to Class Counsel or a Class member's guardian ad litem.

12. The Motion for Final Approval of the Settlement and plaintiffs' Motion for Attorneys' Fees and Costs shall be filed on or by **November 30, 2020**.  Defendants' Opposition to plaintiffs' Motion for Attorneys' Fees and Costs, if any, shall be filed on or by **December 14, 2020**.  Plaintiffs' Reply in Support of their Motion for Attorneys' Fees and Costs, if any, shall be filed on or by **December 21, 2020**.

13. A hearing shall be held in **Courtroom 476** at the Robert J. Dole Federal Courthouse, 500 State Avenue, Kansas City, KS 66101 at **9:00 A.M.** on **January 22, 2021**.  At the Final Approval Hearing, the court shall consider the fairness, reasonableness, and adequacy of the Settlement; the entry of any final Order or Judgment with respect to the Class; plaintiffs' Motion for Attorneys' Fees and Costs; and any other related matters.

14. Objections, support, or comments by Class members, or their legal representatives, regarding the proposed Settlement Agreement will be considered if submitted by U.S. Mail or email on or before **December 7, 2020** to either of the following:

    a. Kansas Appleseed Center for Law and Justice, Inc., Attention: Teresa A. Woody, 211 East 8th Street, Suite D, Lawrence, KS 66044, twoody@kansasappleseed.org; or

    b. National Center for Youth Law, Attention: Leecia Welch, 1212 Broadway, Suite 600, Oakland, CA 94612, lwelch@youthlaw.org.

15. Class members, or their legal representatives, who wish to be heard orally in support of or in opposition to the proposed Settlement Agreement at the Final Approval Hearing

must submit with their objections, support, or comments, as described in Paragraph 14 above, a written notification of their desire to appear personally and briefly indicate (if in opposition to the settlement) the nature of the opposition on or before **December 7, 2020**.

16. Unless otherwise ordered by the court, no objection to or other comment concerning the Settlement shall be heard unless timely filed in accordance with the guidelines specified above.

17. Class Counsel will provide counsel for Defendants a copy of any objections, support, or comments received from Class members, their legal representatives, or any other person, entity, or interested party regarding the proposed Settlement Agreement and any information received in relation to Paragraph 15 within five days of receipt.

18. Class Counsel will submit to the court all written submissions received from Class members, their legal representatives, or other interested parties, along with any written responses from Class Counsel to such submissions, on or before **December 14, 2020**.

19. Class Counsel and counsel for Defendants must be prepared at the Final Approval Hearing to respond to objections filed by Class members, or their legal representatives, and to provide other information, as appropriate, bearing on why the Settlement Agreement should be approved.

**IT IS SO ORDERED.**

**Dated this 9th day of September, 2020, at Kansas City, Kansas.**

                                           **s/ Daniel D. Crabtree\_\_\_\_\_**
                                           **Daniel D. Crabtree**
                                           **United States District Judge**