**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **M.B.** and **S.E.** through their next friend Katharyn McIntyre, **et al.**,<br><br>**Plaintiffs,**<br><br>v.<br><br>**Laura Howard** in her official capacity as Kansas Department for Children and Families Secretary, **et al.**,<br><br>**Defendants.** | Case No. 18-2617-DDC-GEB |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiffs' Unopposed Motion for Leave to File Documents Under Seal (Doc. 154). The motion seeks to file under seal certain exhibits attached to the Declaration of Leecia Welch, filed in support of plaintiffs' Summary of and Responses to Submissions Received in Response to Proposed Class Action Settlement (Doc. 152). For reasons explained below, the court grants the motion.

**I.     Legal Standard**

The court is mindful that our Circuit long has recognized a common-law right of access to judicial records. *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). But, the public's right to access judicial records is not an absolute one and, in some circumstances, the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).

A party hoping to overcome the presumption of access must shoulder the burden to establish a significant interest outweighing the presumption of public access. *Id.*; *see also Bacon*, 950 F.3d at 1293 ("[T]he party seeking to keep records sealed bears the burden of justifying that secrecy," and it must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access[.]" (citation and internal quotation marks omitted)). Also, our Circuit assigns a strong presumption of public access to judicial records containing substantive rulings about a litigant's legal rights. *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) ("Especially 'where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.'" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006))); *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987) ("[R]elevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies."). When assessing whether a judicial record deserves sealed treatment, a district judge has substantial discretion to decide whether the interests favoring the general right of public access outweigh those that genuinely deserve some protection. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (citations omitted); *see also Mann*, 477 F.3d at 1149.

The court applies this legal standard to decide plaintiffs' requests to file under seal certain portions of exhibits attached to the Declaration of Leecia Welch.

**II.     Analysis**

This case presents highly sensitive and personal issues. The Complaint asserts that Kansas Department for Children and Families ("DCF") subjected children in foster care to extreme housing disruption and failed to treat mental health concerns adequately. *See* Doc. 1.

Plaintiffs ask the court for leave to file under seal exhibits "from various stakeholders that include information directly or indirectly revealing personally identifying information of minor children who are or have been in the foster care system." Doc. 154 at 1. "Many of these comments also include sensitive information relating to children's trauma and abuse histories, involvement in the child welfare system, and medical and mental health treatment." *Id.* at 1–2. Plaintiffs have attached the exhibits they believe qualify for sealing and have highlighted the proposed redactions. *Id.* at 2 n.1. Plaintiffs already have filed publicly available versions of these exhibits (Doc. 153) with certain portions redacted from public view consistent with the proposed redactions.

The proposed redactions "contain (1) personally identifying information of minor children who are or have been in the foster care system and/or (2) information concerning adults or other matters that could be used to personally identify minor children who are or have been in the foster care system." Doc. 154 at 3. The court will address the two categories of redactions, below.

> *i.     Personally identifying information of minor children*

"[S]afeguarding the physical and psychological wellbeing of a minor—is a compelling [interest.]" *Globe Newspaper Co. v. Sup. Ct. for Norfolk Cty.*, 457 U.S. 596, 607 (1982). "[I]t is clear that the circumstances of the particular case may affect the significance of the interest." *Id.* at 608. Our Circuit "has sealed documents containing the name of and detailed medical information about a minor, where that information was only incidental to the substantive legal issue adjudicated." *Colony Ins. Co.*, 698 F.3d at 1241–42 (citing *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011)). And our court has recognized that disclosing information about medical treatment and therapy "'will work a clearly

3

defined and serious injury' to the minor plaintiff." *See Harte v. Burns*, No. 13-2586-JWL, 2020 WL 1888823, at *2 (D. Kan. Apr. 16, 2020) (quoting *United States v. Walker*, 761 F. App'x 822, 834 (10th Cir. 2019)).

Plaintiffs have articulated a substantial interest in protecting sensitive personal and medical information about minor children from public disclosure. They also have persuaded the court that this substantial interest outweighs the public's right to access minor children's identifying information. The documents plaintiffs seek to file under seal contain minor children's involvement in the child welfare system and their personal histories of trauma or abuse. Plaintiffs' limited redactions prevent disclosing information identifying minor children while allowing the public access to the vast majority of the information.

### ii.   *Information that could disclose minor children's identities*

Plaintiffs' proposed redactions include information about adults which could disclose minor children's identities and other sensitive information about them. They include information identifying parents, guardians, family, and foster parents of minor children. Also, plaintiffs have redacted DCF employees' identifying information to prevent disclosing minor children's sensitive personal and medical information.

Children are more vulnerable than adults and thus persons exceeding the age of majority have more limited privacy interests. *See Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). Minor children and their parents often share common privacy interests based on their inseparable relationship with one another. *See J.W. v. Dist. of Columbia*, 318 F.R.D. 196, 201 (D.D.C. 2016). Recognizing inseparable relationships between minor children and their caregivers, disclosing identities of parents or other related persons would place—in effect—personally identifiable information about minor children in the public record. Plaintiffs' redactions of

personally identifying information about minor children's parents, guardians, family, or foster parents protect personal sensitive and medical information of minor children. And, as explained above, protecting children's well-being is a compelling interest outweighing the public's interest in accessing minor children's identities.

Plaintiffs also have redacted information identifying DCF employees to prevent disclosing minor children's sensitive and medical information. DCF employees' identifying information reveals children's personal history and involvement in the child welfare system. Disclosing a minor child's case worker places information about a minor child's involvement in the child welfare system into the public record. Also, one could use it to identify a minor child's identity. As explained above, a substantial interest inheres in protecting minor children's sensitive personal and medical information exists. And, plaintiffs tailor their redactions narrowly to allow public access to the vast majority of the information while preventing disclosure of information identifying minor children.

**Consistent with this ruling, the court orders plaintiffs, within 7 days from the date of this Order, to file under seal and without redactions, its Declaration of Leecia Welch and exhibits.**

### III.  Conclusion

The court recognizes the sensitive nature of these proceedings and the substantial interest in protecting the minor children involved. Plaintiffs have met their substantial burden to show a compelling interest exists in protecting children's identities and have limited their redactions to that interest. The court notes a vast majority of the information remains publicly accessible after redacting the protected information.

The court thus grants plaintiffs' Unopposed Motion for Leave to File Under Seal (Doc. 154). Consistent with this ruling, the court orders plaintiffs, within **7 days** from the date of this Order, to file under seal and without redactions, their Declaration of Leecia Welch and exhibits.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Unopposed Motion for Leave to File Under Seal (Doc. 154) is granted.

**IT IS FURTHER ORDERED THAT** plaintiffs must file under seal and without redactions their Declaration of Leecia Welch and exhibits within **7 days** from the date of this Order.

**IT IS SO ORDERED.**

**Dated this 20th day of January, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**